UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ELIZABETH GRANT,

        Plaintiff,

-against-

NEW YORK PRESBYTERIAN HOSPITAL, *et al.*,

        Defendants.
-----------------------------------------------------------x

**MEMORANDUM & ORDER**
24-CV-6327 (PKC) (LB)

PAMELA K. CHEN, United States District Judge.

*Pro se* plaintiff Elizabeth Grant ("Plaintiff") filed the instant action on August 30, 2024, and filed an amended complaint on September 11, 2024, alleging the wrongful death of her mother, Grace Grant. By Memorandum & Order dated September 19, 2024, this Court granted Plaintiff's request to proceed in forma pauperis ("IFP") and dismissed the action without prejudice for lack of subject matter jurisdiction. That Order noted Plaintiff's vexatious litigation history, and directed her to show cause by written affirmation, within thirty (30) days of the date of the Order, why she should not be barred from filing any future IFP actions in the Eastern District of New York without first obtaining permission from the Court to do so.[1]

---

[1] Plaintiff has filed seventeen actions in the Court. *See Grant v. Warden of Ros M. Singer*, No. 19-CV-2046 (RRM) (LB); *Grant v. Cafferri*, No. 19-CV-2148 (RRM) (LB); *Grant v. Vultreggo*, No. 19-CV-2204 (RRM) (LB); *Grant v. ASPCA*, No. 19-CV-2239 (RRM) (LB); *Grant v. Soba*, No. 19-CV-2525 (RRM) (LB); *Grant v. Zao*, No. 19-CV-2832 (RRM) (LB); *Grant v. Resan*, No. 19-CV-2911 (RRM) (LB); *Grant v. Queens Supreme Ct.*, No. 19-CV-3244 (RRM) (LB); *Grant v. Dep't of Corrs.*, No. 19-CV-3380 (RRM) (LB); *Grant v. ASPCA*, No. 19-CV-3689 (RRM) (LB); *Grant v. Brooklyn Veterans Hosp.*, No. 19-CV-4875 (RRM) (LB); *Grant v. Cheena*, No. 19-CV-4876 (RRM) (LB); *Grant v. Tracy*, No. 19-CV-6081 (RRM) (LB); *Grant v. Adult Protective Serv.*, No. 22-CV-775 (PKC) (LB); *Grant v. 115 Precinct*, No. 24-CV-3714 (PKC) (LB); *Grant v. 115th Precinct*, No. 24-CV-4183 (PKC) (LB).

She has been warned four times that frequent frivolous filings diminish the ability of the federal courts to manage their dockets for the efficient administration of justice. *See Grant v.*

On September 30, 2024, Plaintiff filed a "Motion to Reconsider Case and IFP status." (Dkt. 7.) To the extent Plaintiff is seeking reconsideration of the Court's Order dismissing the action, that motion is denied. Plaintiff has failed to allege any facts or show that the Court overlooked any controlling decisions that would warrant reconsideration. *See* Fed. R. Civ. P. 59(e), 60(b); *see also* Loc. R. 6.3. Further, liberally construing Plaintiff's submission as a response to the Show Cause Order, her response does not offer any valid reasons why the Court should not impose a filing injunction. Instead, she attempts to reargue the merits of her underlying action and fails to provide any compelling reason why she should not be enjoined from filing any new IFP action in this Court without leave to file. The Court finds that Plaintiff's frequent frivolous filings detract from the legitimate cases before the Court, and Plaintiff is likely to continue to waste the Court's limited resources.

## FILING INJUNCTION

Accordingly, Plaintiff is enjoined from filing any further IFP actions in the Eastern District of New York without first obtaining leave of Court. To eliminate the need to write a decision every time she makes a frivolous filing (because that would largely defeat the purpose of the injunction), the injunction shall be implemented as follows: First, the Clerk of Court is directed to open a miscellaneous case entitled "In re Elizabeth Grant," and to file a copy of this Order under that docket number. The matter is then to be administratively closed. Any filings by Plaintiff shall be filed only under that miscellaneous docket number. The Court will review each filing to determine whether it is frivolous or fails to state a claim. No further action will be taken if it is

---

*115th Precinct*, No. 24-CV-4183 (PKC) (LB), Dkt. 8 at 2–3; *Grant v. 115 Precinct*, No. 24-CV-3714 (PKC) (LB), Dkt. 6 at 4; *Grant v. Zao*, No. 19-CV-2832 (RRM) (LB), Dkt. 13 at 7–8; *Grant v. Cafferri*, No. 19-CV-2148 (RRM) (LB) (consolidated action consisting of five cases), Dkt. 18 at 25.

2

frivolous or fails to state a claim. If it states a claim, the Court will direct the Clerk of Court to open a new civil matter in which those documents will be filed, and it will proceed as a new case in the ordinary course.

Nothing herein shall be construed to prohibit Plaintiff from filing an appeal of this Order. The Clerk of Court is respectfully directed to enter judgment and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of an appeal. *See Coppedge v. United States*, 269 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: October 11, 2024
      Brooklyn, New York

3